IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER TAHCHAWWICKAH,

Plaintiff,

v.                                                    CASE NO.  23-3238-JWL

NATHAN BRENNON, et al.,

Defendants.


MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff and state prisoner Christopher Tahchawwickah is hereby required to show good cause, in writing to the undersigned, why his claims against Defendants Noemy Triana and the City of Liberal, Kansas should not be dismissed due to the deficiencies in Plaintiff's complaint that are discussed herein. Plaintiff also is hereby required to provide additional information required for the Court to complete the screening of this action. In the alternative to providing a written response to this order, Plaintiff is given the opportunity to file an amended complaint to cure the deficiencies and provide the necessary additional information.

I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Seward County Jail in Liberal, Kansas ("SCJ").  Plaintiff's motion for leave to proceed in forma pauperis is pending; the Court is waiting for Plaintiff to provide a certified copy of his account statement from the SCJ for the 6-month period preceding the filing of the complaint. (*See* Doc. 6.)

In his complaint, Plaintiff names as Defendants the City of Liberal, Kansas and Liberal police officers Nathan Brennon and Noemy Triana. (Doc. 4, p. 1.) As the factual background for

1

the complaint, Plaintiff alleges that on July 28, 2023, at around 2:15 p.m., he was walking southbound on the sidewalk at Kansas Avenue in Liberal, Kansas, when Defendant Brennon pulled up next to him. *Id.* at 3-4. Defendant Brennon was responding to a report that a Black male was walking into oncoming traffic. Plaintiff is a member of the Cheyenne and Arapaho Tribes of Oklahoma. *Id.*

Defendant Brennan asked Plaintiff how he was doing and, after Plaintiff responded, Defendant Brennon asked for his name. *Id.* at 4. Plaintiff responded and asked if he was a suspect, and Defendant Brennon said, "No." *Id.* When Plaintiff asked if he looked like a suspect who had committed a crime, Defendant Brennon got out of his vehicle and said, "Now you're a suspect." Defendant Brennon walked over to Plaintiff and demanded his identification; Plaintiff gave his full name and handed over his wallet, but then "grabbed his wallet back." *Id.* Defendant Brennon then demanded to see Plaintiff's identification again, so Plaintiff opened his wallet and removed his identification card. *Id.*

Defendant Brennon told Plaintiff that he would run Plaintiff's name and then Plaintiff would be on his way. *Id.* Plaintiff asked, "Am I in commission of a felony?" Defendant Brennon said, "No," and explained that Plaintiff was not in trouble and that Defendant Brennon was trying to do his job. *Id.* at 5. Defendant Brennon also said, however, that he still wanted to run Plaintiff's name and he said that if Plaintiff refused to give his identification card, Plaintiff would be arrested for interference. *Id.*

As Defendant Triana arrived to assist Defendant Brennon, Defendant Brennon grabbed Plaintiff and violently threw him to the ground, punching him in the face. *Id.* Plaintiff was then arrested and charged with being a pedestrian under the influence, criminal littering, and

interference with a law enforcement officer. *Id.* Plaintiff was not given a field sobriety test, a breathalyzer, a blood test, or a urine test, and the charges were later dismissed. *Id.* at 2, 5.

Although Plaintiff does not identify in Count I the constitutional right or rights he believes the events related above violated, other parts of the form complaint refer to wrongful arrest and false imprisonment (*id.* at 7), so the Court liberally construes the pro se complaint as asserting the violation of the Fourth Amendment violation.[1] As relief, Plaintiff seeks $5,000,000.00. *Id.* at 7.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). As relevant here, the Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that . . . seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

---

[1] If this understanding is inaccurate, Plaintiff should so inform the Court in his response to this order.

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the

4

plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v.*

*Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### A.  The City of Liberal, Kansas

This action is subject to dismissal as brought against the City of Liberal, Kansas because

Plaintiff has failed to allege facts that, if true, state a plausible claim against the city. A city may

be liable under 42 U.S.C. § 1983 only when it has deprived a person of his constitutional rights or

has caused a person to be subjected to such deprivation. *Connick v. Thompson*, 563 U.S. 51, 60-

61 (2011). A city is not liable merely for the actions of its employees under a theory of respondeat

superior. *See id*. In other words, "[a] municipality is not directly liable for the constitutional torts

of its employees." *Finch v. Rapp*, 38 F.4th 1234, 1244 (10th Cir. 2022) (citing *Monell v. Dep't of*

*Soc. Servs.*, 436 U.S. 658, 694 (1978)).

To succeed on a claim against a city, Plaintiff "must first show a municipal policy or

custom—either an official rule or one so entrenched in practice as to constitute an official policy."

*Finch*, 38 F.4th at 1244. Second, Plaintiff must show that the City "was deliberately indifferent to

constitutional violations that were the obvious consequence of its policy," by showing that the City

"had 'actual or constructive notice that its action or failure to act [was] substantially certain to

result in a constitutional violation' and 'consciously or deliberately [chose] to disregard the risk of

harm.'" *Id*. (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)). Actual notice

can be established by showing "a 'pattern of tortious conduct,'" and constructive notice can be

established "'if a violation of federal rights is a "highly predictable" or "plainly obvious"

consequence of a municipality's action or inaction.'" *Id*. (quoting *Barney*, 143 F.3d at 1308).

If Plaintiff establishes that the city was deliberately indifferent, the final step is showing

"that the policy directly caused his constitutional injury . . . by showing that the municipal practice was closely related to the deprivation of rights." *Id.* These are "'rigorous standards of culpability and causation.'" *Id.* at 1246 (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 398 (1997)). In addition, municipal liability may be premised on decisions made by employees with final policymaking authority that are relied upon by subordinates or a failure to train or supervise employees that results from a deliberate indifference to the injuries caused. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988); *Brammer–Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188–89 (10th Cir. 2010).

Even liberally construing the pro se complaint and taking all the facts alleged therein as true, Plaintiff has not pled a plausible claim against the City of Liberal, Kansas. He has not shown that the events underlying this complaint were related to any city policy, nor has he shown that the city was deliberately indifferent to constitutional violations that were the obvious consequence of that policy, nor has he shown that the policy directly caused his injury, nor has he shown that the events were caused by city employees who have final policymaking authority, nor has he shown that the events were the result of a failure to train or supervise. Thus, any claim in this matter against City of Liberal, Kansas is subject to dismissal.

**B. Defendant Triana**

This action is subject to dismissal as against Defendant Triana because the complaint does not sufficiently allege her personal participation in the violation of Plaintiff's civil rights. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). In other words, a viable § 1983 claim must establish that each defendant caused a violation of

Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 124, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). As a result, Plaintiff must not only name each defendant in the caption of the complaint, he must do so again in the body of the complaint and include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.

Even liberally construing the pro se complaint, the only action specifically attributed to Defendant Triana is that she arrived on the scene shortly before Defendant Brennon punched Plaintiff and threw him to the ground. Without additional allegations as to Defendant Triana's involvement or behavior, Plaintiff has failed to allege a plausible claim under § 1983 against Defendant Triana. Plaintiff will be granted the opportunity to file a complete and proper amended complaint to cure the deficiency of his claim against Defendant Triana, but first the Court will identify additional information Plaintiff should include in any such complaint.

### C.  Additional Information Needed

In order to proceed with the statutorily required screening of the complaint, the Court must request additional information and clarification from Plaintiff. On page 5 of the complaint, Plaintiff states that "[t]he charges was later dismissed in Mun. court. [*sic*]" (Doc. 4, p. 5.) Because Plaintiff remains incarcerated at the SCJ, it is unclear which charges against him were dismissed. This is important because if Plaintiff still faces charges that stemmed from the events underlying this complaint, this Court may be prohibited from hearing Plaintiff's claims at this time.

In *Younger v. Harris*, 401 U.S. 37, 46 (1971), the United States Supreme Court instructed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial

proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. Appx. at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Without additional information, however, this Court cannot determine whether the conditions for a *Younger* abstention are met here. Thus, in his written response to this order or in any amended complaint Plaintiff files, he should clarify which charges were dismissed and whether any criminal action remains pending against him based on the events that led to this federal civil rights action. If the *Younger* conditions are met, this action may be stayed pending the resolution of the state criminal proceedings. *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages); *see also D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); ("[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." ).

## IV.  Response and/or Amended Complaint Required

To avoid dismissal of Defendants Triana and the City of Liberal, Kansas, Plaintiff is required to show good cause, in writing, why the claims against them should not be dismissed for the reasons stated herein. If Plaintiff chooses to submit a written response to this order, he should

also include in that response the additional information identified herein regarding the dismissal of charges against him and whether there is a current Kansas criminal proceeding against him that stemmed from these events.

In the alternative, Plaintiff is given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies and provides the additional information discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply a supplement to the original complaint; instead it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. In other words, Plaintiff may not simply refer in the amended complaint to an earlier complaint. The amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (23-3238-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. If Plaintiff does not file within the prescribed time a written response to this order and/or an amended complaint that cures the deficiencies discussed herein, his claims against Defendants Triana and the City of Liberal, Kansas will be dismissed without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **December 18, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's

claims against Defendants Triana and the City of Liberal, Kansas should not be dismissed without prejudice for the reasons stated herein. In that written response, Plaintiff should also provide the additional information identified above.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **December 18, 2023**, in which to file a complete and proper amended complaint that cures the deficiencies and provides the additional information discussed herein. The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated November 15, 2023, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**