IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER TAHCHAWWICKAH,

    **Plaintiff,**

    v.                                            CASE NO. 23-3238-JWL

NATHAN BRENNON, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Seward County Jail in Liberal, Kansas ("SCJ") and he has been granted leave to proceed in forma pauperis. He initially filed this matter in October 2023 (Doc. 1) and, on November 15, 2023, the Court directed him to provide additional information or file a complete and proper amended complaint. (Doc. 7.) The Court then received two pleadings from Plaintiff (Docs. 9 and 10) and could not determine which pleading Plaintiff intended as the operative pleading, so it directed Plaintiff to so inform the Court. (Doc. 13.) Plaintiff has now advised the Court that he wishes the amended complaint located at Doc. 10 to be the operative pleading. (Doc. 14, p. 1.) Accordingly, the Court has conducted the statutorily required screening of the amended complaint. For the reasons explained below, Plaintiff will be given time to file a second amended complaint that cures the deficiencies identified in this order.

    I.  **Screening Standards**

Because Plaintiff is a prisoner, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which

1

relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

II.  **Discussion**

As in the initial complaint, the amended complaint names as Defendants the City of Liberal, Kansas and Liberal police officers Nathan Brennon and Noemy Triana. (Doc. 10, p. 1-2.) The factual background for the amended complaint is not related in detail here because although Plaintiff has attached multiple pages of alleged facts and legal argument, the Court cannot determine the specific claims Plaintiff wishes to pursue in this matter. Accordingly, Plaintiff will be required to submit a second amended complaint on the court-approved forms.

The required court-approved form for a civil rights action brought by a pro se prisoner plaintiff includes a section entitled "Cause of Action." (*See* Doc. 10, p. 3.) The section is broken into multiple parts labeled Count I, Count II, and Count III. *Id.* at 3, 16. For each count, the form provides a space to identify the "constitutional rights, privileges or immunities [that the plaintiff alleges] have been violated" and a space to set forth the "supporting facts"—the facts that show a defendant committed that particular violation. *See id.* at 3. Thus, for each count, the form directs a plaintiff to (1) identify the constitutional right, privilege, or immunity that was violated and (2) set forth the facts that show a named defendant violated the constitutional right, privilege, or immunity.

The form is organized in this manner so that plaintiffs will set forth individual counts, or claims for relief. This aids the Court in understanding the claims that a plaintiff intends to pursue and it helps ensure compliance with Rule 8 of the Federal Rules of Civil Procedure[1], which requires that a complaint "must contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993)(federal rules apply to all litigants, including prisoners lacking access to counsel).

of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.' " *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)).

Requiring plaintiffs to set forth individual counts also aids the Court in conducting the statutorily required screening, which involves determining whether any portion of a complaint must be dismissed because it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" *See* 28 U.S.C. § 1915A(a)-(b). Simply put, to comply with Rule 8 and to enable the Court in conducting the required screening, a plaintiff must identify the constitutional right that was violated and must explain who violated the right, when it was violated, and how. In other words, as the Tenth Circuit Court of Appeals has explained, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The amended complaint now before this Court contains multiple pages of alleged facts, but the counts Plaintiff wishes to pursue in this matter are unclear. In various portions of the amended complaint and attached pages, Plaintiff asserts that he was racially profiled, wrongfully arrested, wrongfully imprisoned, physically battered; that Defendants Brennon and Triana committed "gross negligent conduct"; and that Defendant City of Liberal "failed to 'Train and Supervise'" this gross, negligent, and unconstitutional conduct. (Doc. 10, p. 2, 6, 9, 15.) At other points, Plaintiff contends that Defendants violated his Fourth Amendment rights, his Sixth Amendment right to a speedy and public trial, his Eighth Amendment right to be free from cruel and unusual

4

punishment, his Eighth Amendment right not to be subject to excessive bail or fines, and his Fourteenth Amendment rights. *Id.* at 6, 8, 10. He also contends that other individuals who are not named Defendants in this matter engaged in retaliation through a "pattern of tortious conduct" and lied under oath. *Id.* at 8, 13.

At no point on the form complaint or in the attached pages does Plaintiff identify a Count I, Count II, Count III, or other count. In the portion of the form complaint for doing so, Plaintiff wrote "On Friday 07-28-2023 at approximately 1715 pm," and left the rest of the page blank, continuing his factual assertions on the attached pages. *Id.* at 3-4, 16. Although it is clear that Plaintiff intends to pursue multiple alleged constitutional violations against multiple Defendants in this civil rights matter, he has not clearly set forth his claims as individual counts, alleging a constitutional violation or violations in each count and setting forth the related supporting facts.

As noted above, the Court liberally construes pro se complaints and applies "less stringent standards than formal pleadings drafted by lawyers," *see Erickson*, 551 U.S at 94, but the Court "will not . . . construct a legal theory on plaintiff's behalf," *see Whitney*, 113 F.3d at 1173-74. Thus, the Court cannot decide for Plaintiff which of the constitutional violations alleged in the amended complaint correspond with which alleged facts. Nor can the Court formulate for Plaintiff specific arguments where Plaintiff has provided only general statements.[2] The responsibility to state a plausible claim and to articulate individual claims lies with Plaintiff. Therefore, Plaintiff will be required to file a complete and proper second amended complaint, on court-approved forms, that clearly states the count or counts he intends to pursue in this matter.

---

[2] For example, Plaintiff generally alleges the violation of the Fourteenth Amendment, but does not explain which protection of the Fourteenth Amendment was violated, how it was violated, or by whom it was violated. (*See* Doc. 10, p. 15.) This is the type of conclusory allegation that fails to state a claim upon which relief can be granted. *See Hall*, 935 F.2d at 1110.

Plaintiff is reminded that in order to state a plausible claim against the Defendant City of Liberal, he must comply with the rules that were explained in the Court's previous order. (*See* Doc. 7, p. 5-6.) In addition, the Court notes that the amended complaint includes facts and allegations related to individuals not named as Defendants in this matter. For example, there are allegations regarding events while Plaintiff was being booked at the SCJ, contradictory statements from SCJ personnel, and retaliatory actions by a state judge. (Doc. 10, p. 10-13.) To the extent that Plaintiff intends to bring claims based on these events in this matter alongside claims against the currently named Defendants, he is cautioned that he must comply with the rules governing joinder of claims and defendants.

Federal Rule of Civil Procedure 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant

1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id.*

In sum, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

### III. Second Amended Complaint Required

The amended complaint now before the Court leaves unclear the specific claims, or counts, Plaintiff intends to pursue in this matter. Plaintiff will be granted the opportunity to file a complete and proper second amended complaint upon court-approved forms that clearly identifies the counts he intends to pursue by stating the constitutional violation alleged in each count and setting forth the related specific factual allegation.

To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. The second amended complaint is not simply a supplement to the original or amended complaint; instead it completely replaces them. Therefore, any claims or allegations not included in the second amended complaint are no longer before the Court. In other words, Plaintiff may not simply refer in the second amended complaint to an earlier complaint. The second amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the original or amended complaint.

Plaintiff must write the number of this case (23-3238-JWL) at the top of the first page of the second amended complaint and must name every defendant in the caption of the amended

complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must also refer to each defendant again in the body of the second amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Although Plaintiff may attach additional pages to the form complaint if necessary, he should not use the form merely to refer the Court to attached pages. If Plaintiff does not file within the prescribed time a second amended complaint that cures the deficiencies discussed herein, this matter will be dismissed without further prior notice to Plaintiff.

### IV. Additional Matters

The Court has received several letters from Plaintiff. In the first letter (Doc. 15), Plaintiff objects to the order directing him to pay the initial partial filing fee by a certain date and asks for more time in which to pay it. The Court notes that the initial partial filing fee has now been paid, so this request and objection appear moot. Another letter (Doc. 17) reiterates Plaintiff's attempts to pay the filing fee and reminds the Court that Plaintiff cannot control the length of time it takes the SCJ finance office to process payment requests. The Court assures Plaintiff that his willingness and intention to pay the filing fee are clear and that this case is not in danger of being dismissed for fee-related issues.

Plaintiff explains in the first letter that he does not know how to file objections or motions. Motions or objections should be titled as a motion or objection. Plaintiff should write the case number and case caption at the top of the first page and should clearly explain what he is asking for or objecting to and the reasons for doing so. He should sign and date the document and submit it to the Clerk's Office for filing. As an example, Plaintiff may view his own Motion to Proceed without Prepayment of Fees (Doc. 2, p. 1).

A third letter Plaintiff sent to the Clerk requests information about being legally required

to notify the Defendants named in this case. (Doc. 16.) Rule 4 of the Federal Rules of Civil Procedure governs a plaintiff's responsibility for having the complaint and a summons served upon the defendants. As explained in the case opening notice previously sent to Plaintiff, because this matter is currently in the initial screening phase, service is not yet required. In addition, Plaintiff has been granted leave to proceed in forma pauperis. That means that under Rule 4(c)(3), if and when service is required, the Court will order that service be made by a United States marshal or deputy marshal; Plaintiff will not be responsible for effecting service. *See* Fed. R. Civ. P. 4(c)(3).

A fourth letter (Doc. 18) seeks to ensure that Defendants Brennon and Triana are sued in their individual and official capacities. For the reasons stated in this order, Plaintiff is directed to file a second amended complaint and, if he wishes, he may indicate in the second amended complaint that he is bringing claims against these Defendants in both their individual and official capacities. Plaintiff is cautioned, however, that "[s]ection 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *See Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **February 5, 2024,** in which to file a complete and proper second amended complaint that cures the deficiencies discussed herein. The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated January 4, 2024, in Kansas City, Kansas.**

                                                 **S/ John W. Lungstrum**
                                                 **JOHN W. LUNGSTRUM**
                                                 **UNITED STATES DISTRICT JUDGE**