IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER TAHCHAWWICKAH,

   Plaintiff,

   v.

NATHAN BRENNON, et al.,

   Defendants.

Case No. 23-3238-EFM-ADM

## ORDER

This matter comes before the court on plaintiff Christopher Tahchawwickah's Motion for Appointment of Counsel. (ECF 29.) For the reasons explained below, Tahchawwickah's motion is denied without prejudice to refiling after the summary-judgment stage.

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). However, pursuant to 28 U.S.C. § 1915(e)(1), the district court "has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam). But the court must also be mindful that indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

In evaluating whether to appoint counsel under § 1915(e)(1), the court considers: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). A party requesting counsel has the burden "to convince the court that there is sufficient merit to [the] claim to warrant the appointment of

counsel." *Id.* The fact that counsel could assist in presenting the "strongest possible case" is not enough because "the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006).

Tahchawwickah asserts claims under 42 U.S.C. § 1983 against two Liberal, Kansas, police officers, Nathan Brennon and Noemy Triana. After the court's initial screening of Tahchawwickah's complaint, three claims remain: (1) a claim that Brennon and Triana violated Tahchawwickah's Fourth Amendment rights when they wrongfully arrested and imprisoned him; (2) a claim that Brennon violated Tahchawwickah's Fourth Amendment rights by using excessive force during the arrest; and (3) a claim that Brennon committed civil battery under Kansas state law. (ECF 27, at 17.) Tahchawwickah's motion for appointment of counsel does not address the merits of these claims. The undersigned cannot say the claims are more or less meritorious than other litigants' claims that survive initial screening. It also is not apparent on this record that the legal or factual issues are overly complex. They largely concern the events occurring during a discrete period of time on July 28, 2023, and will involve a legal determination of whether the officers used more force than reasonably necessary to effect a lawful arrest, thereby violating Tahchawwickah's rights. Tahchawwickah does not address his ability to prosecute his case, but his filings demonstrate an adequate ability to communicate with the court, and he has not alleged any special circumstances that would lead the undersigned to conclude that he is not capable to proceed on his own behalf. In short, Tahchawwickah has not set forth any circumstances that set his case apart from other incarcerated individuals proceeding *pro se* in federal court. On balance, the relevant factors weigh against appointing counsel under § 1915(e)(1) at this time. Tahchawwickah may file a renewed motion for appointment of counsel after the district judge rules on all summary-judgment motions.

**IT IS THEREFORE ORDERED** that Tahchawwickah's motion for appointment of counsel (ECF 29) is denied without prejudice to refiling after the district judge rules on all summary-judgment motions and indicates that the case will proceed to trial.

**IT IS SO ORDERED.**

Dated March 18, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
